[Civ. No. 19655.   Second Dist., Div. One.   Feb. 15, 1954.]

REECE HARRIS, Respondent, v. GEORGE LEE et al., Defendants; JAMES MINNFIELD, Appellant.

*Assigned by Chairman of Judicial Council.

Morris T. Johnson for Appellant.

Hurt & Hurt and Arthur C. Hurt, Jr., for Respondent.

DORAN, J.—The present appeal is from a judgment decreeing that appellant James Minnfield and defendant Ada Lee, also known as Ada Lou Smallon Harris, held certain real and personal property in trust for the plaintiff-respondent Reece Harris, and ordering defendants to convey said property to respondent.

Findings of the trial court were to the effect that prior to September 20, 1950, plaintiff Reece Harris and defendant Ada Harris were married and resided in Chattanooga, Tennessee; that on or about that date Mrs. Harris, without plaintiff's knowledge or consent, deserted the plaintiff, taking the sum of $22,500 which was the property of the husband; that thereafter Mrs. Harris and appellant James Minnfield resided in Los Angeles as husband and wife. While in Los Angeles, on or about October 14, 1950, Minnfield and Ada Harris purchased real property for $11,000 cash, taking title in the names of George Lee (Minnfield) and Ada Lee (Harris) as joint tenants. About one week later these defendants bought furniture and furnishings for the house, for the sum of $4,000 cash. Thereafter defendants moved into the house, and made the further purchase of a 1950 Buick automobile for $3,300 cash.

It further appears that on November 18, 1950, plaintiff obtained a final decree of divorce from Ada Harris in Chattanooga, Tennessee, and on December 20, 1950, plaintiff filed complaint in the present action to declare a trust in respect to said property, asking for an accounting, and an injunction against disposing of said property.

The defendant, Ada Harris, filed an answer in propria persona, admitting all the material allegations of the complaint. The defendant, James Minnfield, admitted, by implication, the purchase of the property, and that Ada had $9,950 when leaving Tennessee; alleged further that Minnfield had $8,000

which was used towards the purchase; and otherwise denied plaintiff's material allegations. Plaintiff, and defendant Minnfield, appeared at the trial by respective counsel, and Ada Harris appeared in propria persona. As hereinbefore indicated, the trial court found in favor of plaintiff, motion for a new trial was denied, and the present appeal followed.

The greater part of appellant's brief is devoted to a discussion of the contention that "The findings and judgment of the trial court are against the evidence and the law." This includes a detailed examination of testimony given by certain witnesses, from which it is argued that the plaintiff had failed to sustain the burden of proof in respect to the ownership of the money, any wrongful act depriving plaintiff of said money, and the tracing of such funds to the real and personal property in appellant's possession.

Appellant further points to an alleged "uncertainty of the trial court," as shown by certain statements that "The Court is faced with a very difficult proposition, not of deciding the case so much on the positive evidence that was placed before it, but the positive evidence that would have assisted the Court that was never placed before it by either side." From this situation appellant contends that the plaintiff failed to establish a case by "clear, satisfactory and convincing" evidence.

In dealing with the above contentions, it is not within the province of an appellate court to weigh the evidence presented to the trial court. As stated in 4 California Jurisprudence 2d 487, "Before an appellate court is justified in reversing a judgment on the ground of insufficiency of evidence, it must appear from the record that, accepting the full force of the evidence adduced, together with every inference favorable to the prevailing party that may be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes the prevailing party from recovering a judgment." In such cases "the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached." (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

Without question, the present record discloses substantial evidence in support of the trial court's findings and judgment. Although contradicted to some extent, there is

clear evidence to the effect that $10,000 deposited in a joint savings account was derived from funds which came from respondent's mother, which money was withdrawn by the wife in currency; that a further sum of $11,000 had been transferred by respondent to a safe to which the wife had access, and that the same disappeared when the wife left, together with a further sum of about $1,500 in loose bills. The wife's testimony largely corroborated that of the respondent in respect to the money, and admitted the taking thereof. These funds, so taken by the wife, were later placed in a Los Angles bank box to which appellant had access; shortly thereafter the property hereinbefore described was purchased in the joint names of George Lee (appellant) and Ada Lee (Harris).

The trial court found, among other things, that it was not true that defendant contributed $8,000 "of his own funds . . . towards the purchase" of the Los Angeles property, thus refusing to credit the appellant's story that this money had been won by appellant "playing the numbers lottery." The credibility of a witness' testimony is a matter peculiarly within the province of a trial court which, having a first-hand opportunity to observe a witness' demeanor, is obviously placed in a much better position to evaluate the testimony given than is an appellate court which can only scan the printed record.

Appellant's argument that there was "uncertainty" in the mind of the trial court as to what determination should be made, is not borne out by the record. The trial court's statement that it was "faced with a very difficult proposition, not of deciding the case so much on the positive evidence that was placed before it, but the positive evidence that would have assisted the court that was never placed before it by either side," in no manner indicates any uncertainty as to what should be done.

Appellant's insistence that plaintiff had failed to "prove the essential facts for the establishment of an involuntary trust," is a matter going to the weight and credibility of the evidence, and one which the trier of fact has determined adversely to such contention. And, under the law, as set forth in section 853 of the Civil Code relating to resulting trusts where consideration is paid by one person and title is taken in the name of another; and section 2224 of the same code providing that a person who has obtained property by fraud or other wrongful act, becomes an invol-

untary trustee, the imposition of a trust in respondent's favor was clearly justified under such evidence.

Appellant's brief makes the further point that "The trial court erred by excluding the testimony of Thomas Alexander" by whom appellant sought to prove "a conversation at his house concerning a sum of money, allegedly owned by appellant and mingled with the funds of defendant, Ada Harris, for the purpose of impeaching the testimony of said defendant . . ." The trial court disallowed such testimony on the ground that (1), "No foundation had been laid"; (2), "Defendant Ada Harris, was called as a witness by plaintiff under Section 2055 . . . and was not a voluntary witness, hence she could not be impeached by appellant, because plaintiff is not bound by her testimony, if detrimental, anyway."

It is admitted by the respondent that "Plaintiff cannot prove his case by the defendant, Ada Harris, without giving appellant the right to examine said defendant according to the rules of law." Respondent maintains, however, that Ada Harris "was cross-examined at considerable length and again examined on rebuttal," and that even if the judge did err in excluding the testimony for the reasons given, appellant has suffered no prejudice. Respondent's position appears to be a sound one in the language of article VI, section 4½ of the California Constitution, "after an examination of the entire record, including the evidence," the reviewing court is "of the opinion that the error complained of has" not "resulted in a miscarriage of justice," and hence, under such section, no reversal may be had.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 14, 1954.