[Civ. No. 20519.   Second Dist., Div. Two.   Feb. 11, 1955.]

JOHN ECKLES et al., Appellants, v. E. D. DELANEY INC. (a Corporation) et al., Respondents.

---

*See footnote, *ante*, p. 675.

Hemm & Paonessa and Arthur R. Hemm for Appellants.

Macfarlane, Schaefer & Haun and William Gamble for Respondents.

MOORE, P. J.—The sole question posed is: Does the evidence support the findings?

Appellants, John and Reba Eckles, sought injunctive relief against respondents alleging that the latter were conducting a business not permissible in a C-3 zone as defined by ordinance 925 of the city of Englewood, to wit, operating a planing mill, a large incinerator causing to emit a great volume of thick, black smoke and charred sawdust and soot which are carried by the wind into plaintiffs' dwelling. That appellants' property is zoned R-3; that while the general character of respondents' neighborhood is zoned R-3, most of respondents' property is zoned C-3; that a violation of such ordinance constituted a public and private nuisance which was detrimental to the public health and general welfare by reason of excessive noise, vibration and soot. Issue was joined by general denial.

Following the trial, the court found that the corporate defendant as tenant of its codefendants occupies lots 9 and 13 and a portion of Lot 12 of Tract 896 in Inglewood; that appellants own portions of Lots 6 and 7 of Block 32 of Inglewood; that ordinance 925 is in full force and effect; that E. D. Delaney Inc. is operating on said leased premises a wholesale and retail sash and door business all of which is a permissible use under said zoning ordinance; that all the operations of the corporate defendant are conducted in a reasonable and necessary manner, usual and customary to the operation of its business.

The court concluded that respondents are not maintaining

a public or private nuisance in operating the plant; that they are operating in a properly zoned area under ordinance 925.

Appellants contend that the uncontradicted evidence shows that the operations of the corporation have been carried on in an improper zone under ordinance 925, notwithstanding the city had in full force a comprehensive zoning ordinance, fixing zones and classifications of land uses; that the operations of Delaney Inc. are not such as are permissible in a C-3 zone because (1) the treatment of wood products is not carried on wholly *within* a building; (2) the manufacture and treatment of wood products by respondents are not from previously prepared materials.

In support of such contention, appellants introduced many photographs. They do not support appellants' thesis. They show clearly that no manufacturing by Delaney was done outside of a building. That the structures shown in the photograph are buildings is established by *Watchtower Bible & Tract Soc., Inc.* v. *County of Los Angeles,* 30 Cal.2d 426, 428 [182 P.2d 178]. They are edifices "composed of stone, brick, marble, wood, or other property substance, connected together, and designed for use in the position in which it is so fixed." The court, pursuant to stipulation, made an inspection of the premises. Such observations are sufficient support for the finding. (*Summers* v. *Parker,* 119 Cal. App.2d 214, 218 [259 P.2d 59]; *Conklin* v. *Goodson,* 125 Cal.App.2d 823, 827 [271 P.2d 147].)

But appellants assert that the wood used by Delaney Inc. had not been previously prepared. The excerpt from the testimony of the witness Sporleder quoted by appellant is not support for such contention. It follows:

"Q. Mr. Sporleder, the operation of the plant such as the Delaney plant consists of the manufacturing of certain wood products, does it not? A. That is right.

"Q. Can you detail what products are manufactured? A. Window frames, door frames and interior trim or molding.

"Q. Now, can you state—— A. And he does make a false louver once in awhile.

"Q. A what? A. A false louver.

"Q. What is that? A. Well, that is—you have seen it; a blind that they hang outside of a house to decorate it. He does use some of his scrap for that. That is one thing—the only thing that I have ever seen him manufacture in there outside of frames and moldings.

"Q. Is the wood or lumber that comes to the plant entirely prepared wood? A. Oh, no. Nobody in that business could afford to do it, because *we have to take and use the lumber as it comes from the saw mill to gain the thickness of cuts in manufacturing.*

"Q. So, when the wood comes to the plant, then, it is not entirely prepared, but something further—— A. No. It has to be remanufactured; yes, sir."

The court adopted the testimony of Mr. Delaney as follows:

"Q. The lumber that is used in the sticker, is that lumber previously prepared except with respect to the putting in of the detail or the reduction of the size of the lumber? Do you understand what I mean? A. Well, not in its entirety. Let me explain it this way: The lumber that I use is previously prepared lumber. In other words, it is previously manufactured lumber before I receive it into the plant. And that manufacturing is done at a sawmill. Then it is necessary for me to size the lumber for the purpose for which it is going to be used. By that I mean running it through a saw which gives it the dimension necessary for the feeding of it through this sticker or molding machine."

Also, the witness Libby testified as follows:

"Q. Mr. Libby, with respect to the materials used by E. D. Delaney, Inc., they are previously prepared, are they not, except as to size and shape, to go into the final product? A. They are previously prepared as lumber; that is correct.

"Q. And the operation of the E. D. Delaney, Inc., plant is to cut them to the proper size and shape and assemble them? A. That is correct."

Such evidence is substantial and reasonably supports the findings. It cannot, therefore, be said that the judgment was arbitrary. Hence it cannot be altered by a reviewing court. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183] ; *Harris* v. *Lee,* 123 Cal.App.2d 177, 179 [266 P.2d 534].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.